ORIGINAL

# In the United States Court of Federal Claims

No. 18-313C
Filed June 5, 2018
NOT FOR PUBLICATION

**FILED**

**JUN - 5 2018**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| KERRITH DUVALL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | *Pro se*; RCFC 12(b)(1); Subject-Matter |
| | ) | Jurisdiction; Money-Mandating Source Of |
| v. | ) | Law; *In Forma Pauperis*; *Habeas Corpus*; |
| | ) | Section 1983. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Kerrith Duvall*, *Robert Cotner*, and *Dennis Martin*, Lexington, OK, plaintiffs *pro se*.

*Albert S. Iarossi*, Trial Attorney, *Lisa L. Donahue*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## **MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

### I.     INTRODUCTION

Plaintiffs *pro se*, Kerrith Duvall, Robert Cotner, and Dennis Martin, brought this action seeking to enforce a judgment allegedly entered in their favor by this Court in a prior case and to recover, among other things, monetary damages from the government. *See generally* Compl.; Am. Compl. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Mr. Duvall and Mr. Cotner have also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*, Feb. 27, 2018, at Entry No. 4; Pl. Mot. to Proceed *In Forma Pauperis*, Mar. 13, 2018, at Entry No. 6.

For the reasons discussed below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiffs' motions to proceed *in forma pauperis*; and (3) **DISMISSES** the amended complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

As background, plaintiffs *pro se*, Kerrith Duvall, Robert Cotner, and Dennis Martin are currently incarcerated in the Joseph Harp Correctional Center located in Lexington, Oklahoma. *See Duvall v. United States*, No. 17-1788C, 2018 WL 617641, at *1 (Fed. Cl. Jan. 30, 2018). Plaintiffs filed the complaint in this matter on February 27, 2018, and subsequently filed an amended complaint on March 13, 2018. *See generally* Compl.; Am. Compl. Plaintiffs' handwritten complaint and amended complaint are difficult to follow. But, it appears that plaintiffs seek to enforce a judgment allegedly entered in their favor by this Court in a prior case. *See generally* Compl.; Am. Compl. As relief, plaintiffs seek, among other things, $3 billion in monetary damages from the government and various forms of injunctive relief. *See* Compl. at 1; Am. Compl. at 1.

### 1.    Plaintiffs' Claims

Plaintiff Kerrith Duvall alleges in the amended complaint that he has suffered more than $1 billion in losses "because of defendant's refusal to protect his rights and because of laws, policy and acts of defendant's agents." Am. Compl. at 1. Mr. Duvall alleges that, because the Court "found true" his allegations in a previous case before the Court, the only remaining issue to be resolved by the Court is a judgment awarding him compensation and damages. *Id.* As relief, Mr. Duvall requests that, among other things, the government: (1) pay $1 billion "directly on the principle [sic] of the national debt;" (2) pay him an additional $10,000 "cash;" and (3) permit him to open an Indian casino. *Id.*

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); the amended complaint ("Am. Compl."); and the government's motion to dismiss ("Def. Mot."). Unless otherwise noted herein, the facts recited are undisputed. Due to plaintiffs' *pro se* status, the Court considers the allegations set forth in both the complaint and amended complaint for the purpose of resolving the government's motion to dismiss.

In the amended complaint, plaintiff Robert Cotner alleges that he is entitled to recover more than $1 billion from the government, due to the government's "refusal to protect the church's rights in Creek County, [Oklahoma]" because of "laws, policy, and acts of defendant's agents." *Id.* Mr. Cotner further alleges that he suffered a loss as a result of the government's "breach of social contract, policy, practices, acts of its agents, [impediments] and refusal to protect [his] Federal rights in [Oklahoma] state courts." *Id.* at 2. As relief, Mr. Cotner requests that, among other things, the government: (1) pay $1 billion "directly on the principle [sic] of the national debt;" (2) pay him an additional $30,000; and (3) provide "consideration by the Pentagon-Defense Intelligence Agency" for an intelligence services contract. *Id.* at 2.

Lastly, plaintiff Dennis Martin seeks judicial review of "the merits of his Federal 2241 habeas" petition. *Id.* at 3.

In plaintiffs' response to the government's motion to dismiss, plaintiffs make a number of additional claims against the federal government, the State of Oklahoma, and other individuals and entities. *See generally* Pls. Resp. Plaintiffs also allege violations of various provisions of the United States Constitution and the United Nations' Universal Declaration of Human Rights. *See* Pls. Resp. at 1-4, Ex. A at 1, Ex. B at 3.[2]

## 2.    Plaintiffs' Prior Litigation

On November 13, 2017, plaintiffs filed an action in this Court seeking monetary and injunctive relief alleging that the federal government and state government of Oklahoma denied certain rights afforded by the "anti-slavery clause" of the Thirteenth Amendment to the United States Constitution. *See Duvall v. United States*, 2018 WL 617641, at *1. The Court dismissed plaintiffs' case for lack of subject-matter jurisdiction on January 30, 2018. *Id.* at *3. After plaintiffs appealed the Court's dismissal decision, they moved to voluntarily dismiss the appeal, and the United States Court of Appeals for the Federal Circuit granted the motion on April 26, 2018. *Duvall v. United States*, No. 17-1788C (Fed. Cl. April 26, 2018), at Entry No. 22.

---

[2] Plaintiffs further allege the denial of veterans' benefits and social security benefits in their response to the government's motion to dismiss. *See* Pls. Resp. at Ex. A at 1.

### B. Procedural History

Plaintiffs commenced this action on February 27, 2018. *See generally* Compl. On February 27, 2018, Mr. Cotner filed a motion to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*, Feb. 27, 2018, at Entry No. 4. On March 13, 2018, plaintiffs filed an amended complaint. *See generally* Am. Compl. On March 13, 2018, Mr. Duvall filed a motion to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*, Mar. 13, 2018, at Entry No. 6.

On April 25, 2018, the government filed a motion to dismiss this matter, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On May 8, 2018, plaintiffs filed a response and opposition to the government's motion to dismiss. *See generally* Pls. Resp. On May 22, 2018, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

These matters having been fully briefed, the Court resolves the pending motions.

## III. STANDARDS OF REVIEW

### A. *Pro Se* Litigants

Plaintiffs are proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl.

163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B.    RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (alterations original). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United* States, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United*

*States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this matter, it is well-established that the Tucker Act does not grant the United States Court of Federal Claims subject-matter jurisdiction to enforce the federal criminal code, or to grant relief sounding in a writ of *habeas corpus*. *Canuto v. United States*, 651 F. App'x 996, 997 (Fed. Cir. 2016); *see, e.g.*, *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002). The Court also does not possess subject-matter jurisdiction to review or to consider criminal law matters. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."); *Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters).

It is also well-established that the Court does not possess subject-matter jurisdiction to consider claims brought under Section 1983 of the Civil Rights Act. *Osborn v. United States*, 47 Fed. Cl. 224, 232 (2000). The Court also does not possess subject-matter jurisdiction to consider social security benefits or veterans' benefits claims. *See* 38 U.S.C. § 511(a) ("The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."); *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (stating this Court does not have jurisdiction over claims related to social security benefits); *see also Trevino v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 Fed. App'x 995 (Fed. Cir. 2014) (stating United States Court of Appeals for Veterans Claims has exclusive jurisdiction over claims related to veterans' benefits).

In addition, simply citing to a provision of the United States Constitution is not enough to establish this Court's jurisdiction over claims based upon that provision. *See Calhoun v. United States*, 32 Fed. Cl. 400, 405 (1994), *aff'd*, 61 F.3d 918 (Fed. Cir. 1995) (stating "not every claim involving, or invoking, the Constitution necessarily confers jurisdiction on this court"); *see also*

*Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by either party or a court, is not controlling. . . .").

Lastly, the United States is the only proper defendant in cases brought in this Court. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (stating that this Court "is without jurisdiction of any suit brought against private parties"); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (stating that this Court is without jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself").

## IV. LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon the grounds that: (1) plaintiffs fail to identify a money-mandating source of law to establish subject-matter jurisdiction; (2) the Court does not possess subject-matter jurisdiction to consider plaintiffs' civil rights claims; (3) the Court does not possess subject-matter jurisdiction to consider Mr. Martin's *habeas* claim; (5) the Court does not possess subject-matter jurisdiction to review plaintiffs' criminal convictions; and (6) the Court may not entertain claims against parties other than the United States. *See* Def. Mot. at 5-6; Def. Reply at 2.

Plaintiffs counter that the Court possesses subject-matter jurisdiction to consider their claims under various constitutional provisions and the United Nations' Universal Declaration of Human Rights. *See* Pls. Resp. at Ex. B at 1-3. Mr. Duvall and Mr. Cotner have also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*, Feb. 27, 2018, at Entry No. 4; Pl. Mot. to Proceed *In Forma Pauperis*, Mar. 13, 2018, at Entry No. 6.

For the reasons discussed below, the most generous reading of plaintiffs' complaint and amended complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiffs' claims. Mr. Duvall and Mr. Cotner have, however, shown that they satisfy the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiffs' motions to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint. RCFC 12(b)(1).

**A.      The Court Does Not Possess Jurisdiction To Consider Plaintiffs' Claims**

**1.      Plaintiffs Fail To Identify A Money-Mandating Source Of Law**

As an initial matter, plaintiffs fail to identify a money-mandating source of law that would confer jurisdiction upon the Court to consider their claims that they have suffered losses due to (1) the government's alleged "refusal to protect [their] rights" and (2) the government's "breach of social contract, policy, practices, acts of its agents." Am. Compl. at 1-2. To establish jurisdiction under the Tucker Act, plaintiffs must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral*, 317 F. App'x at 981; *see also Martinez*, 333 F.3d at 1302. But, plaintiffs do not identify a money-mandating federal statute, constitutional provision, or regulation that could form the legal basis of these claims in the complaint or the amended complaint. *See generally* Compl.; Am. Compl. And so, the Court must dismiss plaintiffs' claims for lack of subject-matter jurisdiction. *See* RCFC 12(b)(1).

**2.      The Court Does Not Possess Jurisdiction To
        Consider Plaintiffs' *Habeas* And Criminal Law Claims**

The Court is also without jurisdiction to consider plaintiffs' *habeas* and criminal law claims. In the amended complaint, plaintiffs allege that Mr. Martin has been imprisoned for 35 years "without ever having been arrested, tried, or convicted" and requests that "some federal court . . . hear the merits of his federal 2241 habeas." Am. Compl. at 3. Given this, plaintiffs appear to assert a *habeas corpus* claim on behalf of Mr. Martin.

The Federal Circuit has long recognized that this Court does not possess subject-matter jurisdiction to grant relief sounding in a writ of *habeas corpus*. *See, e.g.*, *Ledford*, 297 F.3d at 1381. This Court also does not have the authority to overturn criminal convictions. *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002); *Cooper*, 104 Fed. Cl. at 311-12 (holding that this Court cannot review criminal matters); *see also Salman v. United States*, 69 Fed. Cl. 36, 39 (2005) (quoting *Dethlefs v. United States*, 60 Fed.Cl. 810, 814 (2004)) (stating that this Court does not have the authority "to review and overturn convictions entered by a court of competent

jurisdiction"). And so, the Court must dismiss plaintiffs' *habeas* and criminal law claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).[3]

### 3.    The Court May Not Consider Plaintiffs' Civil Rights, Veterans' Benefits, And Social Security Benefits Claims

The Court also may not consider plaintiffs' civil rights, veterans' benefits, and social security benefits claims. In the amended complaint, plaintiffs appear to assert a claim based upon Section 1983 of the Civil Rights Act. Am. Compl. at 3. But, Congress has committed jurisdiction over such claims to the United States district courts. *See* 28 U.S.C. § 1343(a)(4); *Doe v. United States*, 74 Fed. Cl. 794, 798 (2006). And so, the Court must dismiss plaintiffs' civil rights claim for lack of subject-matter jurisdiction. *See* RCFC 12(b)(1).

Plaintiffs' social security and veterans' benefits claims are also jurisdictionally precluded under the Tucker Act. In their response to the government's motion to dismiss, plaintiffs appear to assert claims related to social security benefits and veterans' benefits. Pls. Resp. at Ex. A at 1. But, it is well-established that the Court does not possess subject-matter jurisdiction to consider claims for social security benefits or veterans' benefits. *See* 38 U.S.C. § 511(a); *Trevino*, 113 Fed. Cl. at 209; *Marcus*, 909 F.2d at 1471. And so, the Court must also dismiss plaintiffs' social security and veterans' benefits claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 4.    The Court May Not Consider Plaintiffs' Constitutional Claims And Any Claims Against Parties Other Than The United States

Lastly, to the extent that plaintiffs rely upon the United States Constitution to bring this action, the Court is also without jurisdiction to entertain these constitutional claims because the constitutional provisions that plaintiffs rely upon are not money-mandating. *See Fisher*, 402 F.3d at 1172. In their response and opposition to the government's motion to dismiss, plaintiffs cite to Article I §§ 9 and 10; Article III §§ 2 and 3; Article IV §§ 2 and 4; and Article VI of the United States Constitution to provide a jurisdictional basis for their claims. Pls. Resp. at 1-4.

---

[3] In addition, to the extent that plaintiffs seek to assert an unjust conviction claim in this matter, they fail to state a plausible claim for relief. *See* 28 U.S.C. § 1495. To bring such a claim here, plaintiffs must allege that either, (1) their convictions have been reversed or set aside by a court; (2) on new hearing or new trial they were found not guilty; or (3) that they have been pardoned. 28 U.S.C. § 2513; *Salman*, 69 Fed. Cl. at 39; *Lott v. United States*, 11 Cl. Ct. 852, 853 (1987). But, plaintiffs make no such allegation. *See generally* Compl.; Am. Compl; RCFC 12(b)(1).

But, none of the constitutional provisions upon which plaintiffs rely are money-mandating. *See Olajide v. United States*, No. 16-1594C, 2017 WL 3225048, at *4 (Fed. Cl. July 31, 2017) (discussing Article I §§ 9 and 10); *Ivaldy v. United States*, 123 Fed. Cl. 633, 636 (2015), *aff'd*, 655 F. App'x 813 (Fed. Cir. 2016) (discussing Article IV § 2); *El v. United States*, 122 Fed. Cl. 707, 709 (2015) (discussing Article VI); *Gibson v. United States*, 121 Fed. Cl. 215, 217 (2015) (discussing Article III § 2).

Indeed, plaintiffs simply cite to a litany of provisions of the United States Constitution in their response and opposition without providing any basis for how these constitutional provisions could establish the Court's jurisdiction to consider the claims alleged in the complaint and amended complaint. *See Calhoun*, 32 Fed. Cl. at 405 (stating "not every claim involving, or invoking, the Constitution necessarily confers jurisdiction on this court"); *see also Livingston*, 959 F.2d at 225 ("[T]he mere recitation of a basis for jurisdiction by either party or a court, is not controlling."). Given this, the Court must dismiss plaintiffs' constitutional law claims for want of subject-matter jurisdiction. *See* RCFC 12(b)(1).[4]

Lastly, the Court is without jurisdiction to consider plaintiffs' claims against parties other than the United States. In the amended complaint, plaintiffs appear to assert claims against the State of Oklahoma and Oklahoma state officials, as well as individuals. *See* Am. Compl. at 1-4. However, the jurisdiction of this Court is limited to claims brought against the United States. *Sherwood*, 312 U.S. at 588; *Anderson*, 117 Fed. Cl. at 331. And so, the Court must also dismiss plaintiffs' claims against the State of Oklahoma and its government officials, or any private parties for lack of subject-matter jurisdiction. *See* RCFC 12(b)(1).

### B.   Transfer Of This Matter Would Be Futile

Given the frivolous nature of plaintiffs' claims, the Court also concludes that a transfer of this matter to a United States district court would be inappropriate. A transfer of this matter would be appropriate if: "(1) the transferor court lacks jurisdiction; (2) the action could have

---

[4] To the extent that plaintiffs rely upon the United Nations' Universal Declaration of Human Rights to bring this action, this Court similarly lacks jurisdiction to entertain their claims. *See El*, 122 Fed. Cl. at 710 (2015) (stating this Court does not have jurisdiction over claims based on the Universal Declaration of Human Rights absent specific statutory provision stating otherwise).

10

been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012); *see also* 28 U.S.C. § 1631. In this regard, the United States Court of Appeals for the Federal Circuit has held that the phrase "in the interest of justice" refers to claims that are "nonfrivolous and as such should be decided on the merits." *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citation omitted). And so, the decision to transfer rests within the discretion of the transferor court, and the court may decline to transfer if doing so would be "futile given the weakness of plaintiff's case on the merits." *See Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) (quoting *Siegal v. United States*, 38 Fed. Cl. 386, 390-91 (1997)).

In this case, plaintiffs' claims are fundamentally based upon the alleged right to enforce a previous judgment of this Court. *See generally* Compl.; Am. Compl. But, there can be no genuine dispute that this Court has not previously entered a judgment in favor of plaintiffs. To the contrary, the Court dismissed plaintiffs' previous case for lack of subject-matter jurisdiction. *See Duvall*, 2018 WL 617641 at *3. Given this, transfer of this matter to a United States district court would not be in the interest of justice.

## C.    The Court Grants Plaintiffs' Motions To Proceed *In Forma Pauperis*

As a final matter, Mr. Duvall and Mr. Cotner have moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*, Feb. 27, 2018, at Entry No. 4; Pl. Mot. to Proceed *In Forma Pauperis*, Mar. 13, 2018, at Entry No. 6. This Court may authorize the commencement of a lawsuit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets, a declaration that plaintiff is unable to pay the fees, and a statement of the nature of the action and a belief that plaintiff is entitled to redress. *See* 28 U.S.C. § 1915(a)(1); *see also id.* § 2503(d). When the plaintiff is a prisoner, as is the case here, the plaintiff must also submit "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

In this matter, Mr. Duvall and Mr. Cotner have both submitted an application for leave to proceed in this matter *in forma pauperis* and the necessary statements regarding their respective assets and liabilities, statements of the nature of this action, and statements that they are "unable to prepay the costs of this action . . . because of [their] poverty." *See generally* Pl. Mot. to

11

Proceed *In Forma Pauperis*, Feb. 27, 2018, at Entry No. 4; Pl. Mot. to Proceed *In Forma Pauperis*, Mar. 13, 2018, at Entry No. 6.  Mr. Duvall and Mr. Cotner have also submitted copies of their respective trust fund account statements.  *See* Pl. Mot. to Proceed *In Forma Pauperis*, Feb. 27, 2018, at Entry No. 4; Pl. Mot. to Proceed *In Forma Pauperis*, Mar. 13, 2018, at Entry No. 6.[5]  Because of the Court's summary disposition of this case upon jurisdictional grounds, and plaintiffs' *pro se* status, the Court finds that Mr. Duvall and Mr. Cotner have satisfied the statutory requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss.  And so, the Court **GRANTS** plaintiffs' motions to proceed *in forma pauperis*.

## V.    CONCLUSION

In sum, the most generous reading of plaintiffs' complaint and amended complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiffs' claims.  Mr. Duvall and Mr. Cotner have, however, shown that they satisfy the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1.  **GRANTS** the government's motion to dismiss;

2.  **GRANTS** plaintiffs' motions to proceed *in forma pauperis*; and

3.  **DISMISSES** the complaint.

---

[5] Mr. Martin has not filed an application to proceed *in forma pauperis*, nor has he submitted a statement of his assets or liabilities, or any copy of his trust fund account statement.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge